# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION | MDL No. 17-2795 (MJD/KMM) |
| This document relates to:<br>0:17-cv-02832, 0:17-cv-04613,<br>0:17-cv-04614, 0:17-cv-04615,<br>0:17-cv-04616, 0:17-cv-04617,<br>0:17-cv-04618, 0:17-cv-04619,<br>0:17-cv-04622, 0:17-cv-04943,<br>0:17-cv-04944, 0:17-cv-04945,<br>0:17-cv-04947, 0:17-cv-05001,<br>0:17-cv-05046 | **PRETRIAL ORDER NO. 4: SCHEDULING ORDER** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure a just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings. This schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

**Initial Disclosures**

Plaintiffs served their Fed. R. Civ. P. 26(a)(1) initial disclosures on April 23, 2018 pursuant to the Rule 26(f) Report submitted by the Parties on March 30, 2018. Prior to April 23, Defendant informed Plaintiffs of its position that Rule 26(a)(1) initial disclosures should not be served in light of its then-pending motion to stay. On May 8, 2018, the Court granted the motion to stay ("Stay Order") [MDL Docket No. 145]. The

parties propose that Defendant serve its Fed. R. Civ. P. 26(a)(1) initial disclosures five business days after the Court lifts the Stay Order, should it occur.

**Motions Directed at the Consolidated Class Action Complaint**

1.    On **April 2, 2018**, ten proposed Intervenors filed a Motion to Intervene.

2.    Defendant filed its (1) Motion to Compel Arbitration and Enforce Class-Action Waivers ("Motion to Compel Arbitration," joined by the proposed Intervenors) and (2) an Alternative Motion to Dismiss ("Motion to Dismiss") on **April 28, 2018**.

3.    Plaintiffs shall file any Opposition to Defendant's and Intervenors' Motion to Compel Arbitration, Opposition to Defendant's Motion to Dismiss, Opposition to Intervenors' Motion to Intervene, and conduct any discovery necessary thereto, by **July 26, 2018**.

4.    Defendant shall file any Reply briefs in support of its Motion to Compel Arbitration and/or Motion to Dismiss, and conduct any discovery necessary thereto, by **September 25, 2018**.

5.    The Court shall set the hearing on Defendant's Motion to Compel Arbitration, Motion to Dismiss, and Motion to Intervene for at least 28 days after briefing on all three motions is submitted, subject to the Court's availability.

**Defendant's Answer and Amendments to the Pleadings**

6.    Defendant's Answer shall be due 30 days after the Court's denial of Defendant's Motion to Compel Arbitration / Motion to Dismiss, should both occur.

7.    Motions seeking to add or join other parties must be filed and served no later than 30 weeks after the Court's lifting of the Stay Motion, should it occur.

8. Motions seeking to amend the pleadings must be filed and served no later than 30 weeks after the Court's lifting of the Stay Motion, should it occur.

**Class Certification**

9. Plaintiffs must file any Motion for Class Certification within 15 months after the Court's lifting of the Stay Motion, should it occur. Plaintiffs shall simultaneously submit any expert reports offered in support of class certification.

10. Defendant shall file any Opposition to Plaintiffs' Motion for Class Certification no later than 60 days after the filing of the Motion for Class Certification. Defendant shall simultaneously submit any expert reports offered in opposition to class certification.

11. Plaintiffs' shall file any Reply in Support of Class Certification no later than 60 days after the filing of Defendant's Opposition to Class Certification, along with any rebuttal expert reports.

12. The Court shall set the hearing on Plaintiffs' Motion for Class Certification for 28 days after the conclusion of all briefing is concluded, subject to the Court's availability.

**Post-Class Certification Scheduling**

13. After its ruling on Plaintiffs' Motion for Class Certification, the Court shall enter a new scheduling order to address (1) the close of fact discovery; (2) further expert discovery; (3) dispositive motions; and (4) trial.

**Summary Judgment**

14. The filing of any motion for summary judgment prior to the entry of a new scheduling order shall be in accordance with the governing local and federal rules.

Dated: May 15, 2018    s/Michael J. Davis
    Michael J. Davis
    United States District Court Judge